LEOPOLD KAISER AND ANOTHER *against* HENRY A. RICHARDSON.

A surety on an attachment bond, conditioned to produce the attached goods to satisfy any judgment that may be recovered in the action, is released from his obligations under the bond, if, within four months from the levying of the attachment, a petition in bankruptcy is filed against the defendants therein, under which they are thereafter adjudged bankrupt, and an assignee appointed for them.

In such a case, by the provisions of the bankrupt act (Rev. St. of U. S. § 5044), the attachment is dissolved, and the title in the attached goods passes to the assignee in bankruptcy, and the obligation of the receiptor for the goods on the attachment is discharged.

APPEAL by defendant from a judgment of the general term of the Marine Court, affirming a judgment of that court entered on the decision of a judge after a trial before him, without a jury.

The plaintiffs in this action having in a former suit against Harlem & Co. obtained an attachment under the Stilwell act (L. 1831, c. 300), certain personal property belonging to Harlem & Co. was, on March 5th, 1870, levied on, and the defend-

ant had then entered into a joint and several bond, together with Harlem & Co., conditioned to produce the attached goods to satisfy any execution that might be issued upon any judgment obtained in the action, and the goods were thereupon released from the levy. Judgment was recovered in the action against Harlem & Co., on May 16th, 1870, and the goods levied on not having been produced, according to the condition of the bond, the plaintiffs in the action took an assignment of the bond from the sheriff, and brought this action against the defendant here, the surety in it.

The defense was, that on May 11th, 1870 (within four months from the levying of the attachment), a petition to have Harlem & Co. declared bankrupts was duly filed in the United States District Court for the Southern District of New York, and that on said petition they were, on June 17th, 1870, adjudicated bankrupt, and on August 14th, 1870, an assignee of their property duly appointed, and an assignment duly executed to him. On the trial, the plaintiffs had judgment, which was affirmed by the general term of the Marine Court, and the defendant appealed to this court.

*John M. Robertson*, for appellants.

*Peter Cook*, for respondent.

DALY, Chief Justice.—The question discussed upon this appeal is, whether, after the levy on the goods of a debtor under attachment, a receiptor is released from his obligation to produce the property towards the satisfaction of the judgment subsequently recovered, by reason of the debtor's having been declared a bankrupt under the United States bankrupt act of 1867, and an assignee of the estate appointed therein, within four months after the granting of the attachment in the State court.

The lien created by the levy under the attachmant would have been preserved under the bankrupt act of 1841 (*Peck v. Jenness*, 7 How. U. S. 612; *Clark v. Riel*, 3 McLean, 494; *In re Reed*, 3 N. Y. Leg. Obs. 262; *Davenport v. Tilton*, 10 Met.

320). But the bankrupt act of 1867, whilst saving other existing liens, declares that upon an appointment of an assignee, by operation of law, all the property of the bankrupt shall vest in the assignee, "although the same is then attached on mesne process, as the property of the debtor, and shall dissolve any such attachment made within four months next preceding the commencement of said proceedings."

It has been held that attachments issued by State courts within four months before the commencement of the proceedings in bankruptcy are dissolved by the appointment of an assignee (*Ex parte Ellis*, 1 Bank. Reg. 154; *Pennington* v. *Lowenstein*, 6 Id. 157; *In re Brand*, 3 Id. 685; s. c. 2 Am. L. T. Bank. 66; *Miller* v. *O'Brien*, 9 Blatchf. 270).

In *Miller* v. *O'Brien, supra,* it was held that the sheriff who, by an attachment, had levied on the property of a debtor before proceedings in bankruptcy, but within four months, and had sold the same on execution in the same action, and paid the proceeds to the judgment creditor before notice of the proceedings in bankruptcy, was yet liable to the assignee for the proceeds realized on the sale.

It is evident that the obligation of the defendant in this action was not one for the payment of the debt in consideration of a release of the levy of the attachment, but was in terms to produce the property of the debtor attached, to satisfy any execution which might be issued, or any judgment that might be recovered, and stood as a mere equivalent or substitute for the property; and whatever occurred, which in law exonerated the debtor or his surety from the debt or the subjection of his property to its payment, equally released the receiptor as surety. The obligation of the bond in suit, for the production of the property towards the satisfaction of any execution to be issued, or any judgment to be recovered in the action, was superseded by a law controlling both creditor and surety, which made the act unlawful. Although the contingency which occurred, subjecting the property to the operation of the bankrupt act, and rendering the condition inoperative, was not incorporated in the contract, and perhaps not anticipated, it was yet one liable to arise under a controlling stat-

ute, and consequently tacitly understood as lying at the foundation of every such obligation.

The undertaking of the defendant has become superseded by the proceedings in bankruptcy, which had transferred the title to the property to the assignee in that proceeding, and its performance having thus become illegal, judgment should have been given for the defendant. The judgment, therefore, should be reversed.

LARREMORE and J. F. DALY, JJ., concurred.

Judgment reversed.